UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAINTERS AND ALLIED TRADES )
DISTRICT COUNCIL NO. 35 )
Plaintiff, )
)
v. )   C.A. No.
)
)
ICR DRYWALL )
Defendant. )
)

05-10551 GAO

MAGISTRATE JUDGE New Mug

RECEIPT # ___
AMOUNT $250
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 3/23/05

**COMPLAINT**

1. This is an action to enforce a labor arbitration award pursuant to §301 of the Labor Management Relations Act (the "Act"), 29 U.S.C. §185. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337.

2. Plaintiff, Painters and Allied Trades District Council No. 35, is a labor organization within the meaning of 29 U.S.C. §152(5) and is the duly authorized collective bargaining representative of painters and allied trades employed in Massachusetts, Maine, New Hampshire and Vermont. Plaintiff's principal office is located at 25 Colgate Road, Roslindale, Massachusetts 02324.

3. Defendant, ICR Drywall, is an employer within the meaning of 29 U.S.C. §152(2) and §185, does business in this judicial district, and has its principal place of business in Tyngsboro, Massachusetts.

4. Plaintiff and Defendant are parties to a collective bargaining agreement that is a contract within the meaning of 29 U.S.C. §185(a) and that, among other things, provides for arbitration of disputes arising under the agreement.

5. Plaintiff invoked the grievance and arbitration provision of the applicable collective bargaining agreement and submitted to arbitration several disputes with Defendant that had arisen under the collective bargaining agreement.

6. The parties' collective bargaining agreement provides that the Joint Trade Board is authorized to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints," and that the Joint Trade Board's decisions are binding as to the parties.

7. The New England Painting, Finishing & Glazing Industries DC 35 Joint Trade Board ("Joint Trade Board") is made up of representatives from both Painters and Allied Trades District Council No. 35 and the Painters and Finishing Employers Association of New England, Inc. ("Contractors Association"), and is authorized to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints" against members of either party to the Agreement, or independent signatory employers, for alleged violations of the Agreement.

8. The Agreement mandates that the Joint Trade Board's decisions are binding on the parties, including any independent signatory.

9. Following a hearing held in Roslindale, Massachusetts on February 1, 2005, at which the Defendant did not appear after being given proper notice, the Joint Trade Board duly issued an Award on February 7, 2005 sustaining Plaintiff's grievance, against Defendant, and awarding Plaintiff and its affiliated funds the amount of $90,000. The Joint Trade Board also ordered Defendant to submit a fringe benefit payment bond in an amount not less than $50,000, or a $15,000 security deposit, plus 20% liquidated damages and a $200.00 administrative fee, for a total of $108,200.

10. Defendant received a copy of the Joint Trade Board's award via certified mail on February 8, 2005, a copy of which is attached hereto as Exhibit A.

11.     To date and without any lawful justification, Defendant has refused to comply with the Joint Trade Board's Award.

12.     The Massachusetts Arbitration Act requires that any action to vacate an arbitration award be filed within thirty (30) days of the award. M.G.L. c. 150 § 11.

13.     Defendant failed to file an action to vacate the arbitration award within thirty (30) days of its receipt.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant:

A.      ordering Defendant to comply with the Joint Trade Board's Award in the amount of $108,200.00, with pre-judgment interest from ten (10) days after the receipt of the Award and obtain a fringe benefit bond or furnish a security deposit as provided for in the collective bargaining agreement;

B.      ordering Defendant to pay Plaintiff's costs and attorney's fees for bringing this action;

C.      awarding such other and further relief as may be just and proper; including, but not limited to, declaring that the Defendant is time-barred from asserting any affirmative defenses because the statutory period of thirty (30) days has elapsed.

Plaintiff,
Painters and Allied Trades District Council No. 35,
By its attorney,

Michael A. Feinberg, BBO #161400
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

DATED: March 21, 2005

Chairman - Secretary
Thomas J. Gunning
PFLANE, Inc.
GFANE, Inc.

NEW ENGLAND
PAINTING, FINISHING & GLAZING INDUSTRIES

Treasurer
Ralph Harriman
District Council No. 35

# DC 35 Joint Trade Board

CERTIFIED MAIL

Painters and Allied Trades District Council No. 35
Labor & Management Working Together in MA, ME, NH, VT

**FAC-63 & FAC-81**

February 7, 2005

Mr. Thomas Bond
ICR Drywall
63 West Tech Drive
Tyngsboro, MA 01879

Dear Mr. Bond:

This matter came before the New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board at a hearing on February 1, 2005, at the offices of Painters District Council No. 35, 25 Colgate Road, Roslindale, MA. Despite prior written notice that a hearing would take place as scheduled, no one appeared on behalf of the Company. Therefore, the Board voted to proceed.

Heather Palmacci, DC 35 Funds office, presented the evidence supporting the charge.

Ms. Palmacci testified that the charges against the company, involved violations of the Working Agreement, specifically Article IX, Section 1, <u>Probationary Contractor/Employer Obligations</u> and Article IX, Section 3, <u>Failure to Pay.</u>

Ms. Palmacci testified that unpaid benefits were due for the months of October – December 2004, in the approximate amount of $90,000. Ms. Palmacci further testified that due to a lien placed on the company's current $25,000 fringe benefit payment bond, the company needs to submit an additional fringe benefit payment bond in an amount not less than $50,000 or a $15,000 security deposit.

Based upon the evidence, the Board unanimously voted that ICR Drywall was delinquent in the approximate amount of $90,000 and needs to establish a fringe benefit payment bond in an amount not less than $50,000 or a $15,000 security deposit.

In addition, the Board voted that ICR Drywall be required to pay 20% liquidated damages and an administrative fee of $200 within ten (10) days following the receipt of this Award. Therefore, a check in the amount of $108,200.00, made payable to the New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board and should be mailed to New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board, 1400 Hancock St., 7th floor, Quincy, MA 02169.

In the event that the company fails to comply with any of the terms of this Award and the union prevails at any proceeding to obtain judicial enforcement of the Award, the union's reasonable attorney's fees incurred in such proceedings, as determined by the court on an application for attorney's fees, shall be deemed and, hereby is, a part of this Award. In addition to attorney's fees the union shall be entitled to pre-judgment interest on any amount found to be owed by the company from a date ten (10) days after the company's receipt of the Award, which interest shall be calculated at 1-1/2 % above prime up to $500.00 and 2% above prime over $500.00 or any other higher amount allowed by law or regulation.

The Board voted unanimously for the findings, conclusions and awards set forth herein.

For your information, a copy of the Appeal Procedure is attached hereto.

Very truly yours,

Thomas J. Gunning
Chairman-Secretary

Enc.

cc: Ralph Harriman, Bus. Mgr. DC#35
    Sharon Saganey, Funds Adm. DC#35
    Michael Feinberg, Esq., Feinberg, Campbell & Zack

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

7004 1160 0003 6993 8696

| | | |
|---|---|---|
| Postage | $ | .37 |
| Certified Fee | | 2.30 |
| Return Reciept Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.42 |

Postmark Here

Sent To: Mr. Thomas Bond
Street, Apt.; or PO Box: ICR Drywall
                        63 West Tech Drive
City, State: Tyngsboro, MA 01879

PS Form 3800, June 2002    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Mr. Thomas Bond
   ICR Drywall
   63 West Tech Drive
   Tyngsboro, MA 01879

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Phillip Tours_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   Phillip Tours                  2/8/05

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail  ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service)    7004 1160 0003 6993 8696

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-15

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Painters and Allied Trades District Council No. 35 v. ICR Drywall

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   __ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   __ V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ☐   NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐   NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ☐   NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES ☒   NO ☐

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
   EASTERN DIVISION ☒   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
   EASTERN DIVISION ☐   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Michael A. Feinberg, Esq., Feinberg, Campbell & Zack, P.C.
ADDRESS 177 Milk Street, Boston, MA 02109
TELEPHONE NO. 617-338-1976

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Painters and Allied Trades District Council No. 35

**DEFENDANTS**

ICR Drywall

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael A. Feinberg, Esq.
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109    617-338-1976

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |

PERSONAL INJURY
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

| | | | | |
|---|---|---|---|---|
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☒ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | HABEAS CORPUS: | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 530 General | ☐ 740 Railway Labor Act | |
| ☐ 290 All Other Real Property | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| | | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

enforce a labor arbitration award pursuant to §301 of the Labor Management Act, 29 U.S.C. §185

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 108,200.00   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE 3/21/05   SIGNATURE OF ATTORNEY OF RECORD  /s/ Michael A. Feinberg

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____